**Judah ROSENFELD, as custodian for Joel B. Rosenfeld, et al., Plaintiffs,**

v.

**E. R. BLACK et al., Defendants.**

**No. 67 Civ. 1428.**

United States District Court, S. D. New York.

Oct. 17, 1972.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs by Abraham L. Pomerantz, William E. Haudek, Mordecai Rosenfeld, New York City, of counsel.

Hofheimer, Gartlir, Hofheimer, Gottlieb & Gross, New York City, for plaintiff Jack Farber by Norman S. Nemser, New York City, of counsel.

Nemerov & Shapiro, New York City, for plaintiff Beatrice S. Frank by Mortimer A. Shapiro, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Lazard Freres & Co., Albert J. Hettinger, Jr. and Richard H. Mansfield by Simon H. Rifkind, Paul J. Newlon, Mark H. Alcott, Bruce S. Kaplan, New York City, of counsel.

White & Case, New York City, for defendants Dun & Bradstreet, Inc., Moody's Investors Service, Inc. and Moody's Advisors & Distributors, Inc. by Thomas Kiernan, Morton Moskin, P. B. Konrad Knake, Jr., New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Alan H. Temple.

Walsh & Frisch, New York City, for defendant Moody's Capital Fund by E. Roger Frisch, New York City, of counsel.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for Stockhold-

ers Committee by J. L. Greene, New York City, of counsel.

Joseph V. Heffernan, New York City, for shareholders Marion C. and Joseph V. Heffernan.

GURFEIN, District Judge.

## MEMORANDUM ON FEE APPLICATION

■ This is an application for the assessment of counsel fees after the approval of the settlement in which the Lazard Fund, Inc. (Fund) receives one million dollars. Counsel for the plaintiff, who sued on behalf of the Fund, request an award of $250,000—amounting to 25% of the benefit conferred.

Private attorneys general have been encouraged by the courts to tilt the lance for justice by the awarding of generous fees. See Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 371, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966). In this kind of case, as Judge Hough once said, the recovery is "like a case of salvage on a derelict." Public policy is, at times, quite compatible with generosity for in this kind of case the general public does not pay.

There is an expression in the language of legal vernacular—"he made law." As every lawyer knows, it means winning a case that many thought would go the other way for sheer lack of affirmative, or the existence of negative, precedent.

In this sense, Rosenfeld v. Black "made law" in the field of mutual investment funds. I have earlier given my views on the difficulties of the case in approving the settlement. 336 F. Supp. 84 (S.D.N.Y.1972).

It is now my task to fix the fee for the lawyers who obtained the million dollar settlement on behalf of the Fund. Their recompense should not be niggardly, for the chances of success at the outset seemed not very high. They perse-

vered, nevertheless, in pursuit of what they thought to be equity.

They were faced from the beginning with the decision of the Ninth Circuit in Securities and Exchange Comm. v. Insurance Securities, Inc., 254 F.2d 642, cert. denied, 358 U.S. 823, 79 S.Ct. 38, 3 L.Ed.2d 64 (1958), a decision which, in its essence, was not easily distinguishable. This seemed to be made even more apparent by the decision of the distinguished District Judge who followed its authority and granted summary judgment for the defendants, dismissing the complaint. 319 F.Supp. 891 (S.D.N.Y. 1970).

Undaunted, the petitioners appealed to the Court of Appeals for the Second Circuit. That Court, 445 F.2d 1337, reversed the judgment and sustained the claim for relief on the theory of breach of trust. This was no ordinary victory for the petitioners. It marked the crossing of a new frontier in the application of the fiduciary principles of an earlier day to the present day fiduciary responsibilities of management in the mutual fund industry.

The litigation thus involved more than legal ingenuity. To go forward indomitably in pursuit of a goal so elusive required faith in the viable nature of a principle thought to be rooted in morality. Nor did the scene provide a single flesh and blood client grievously harmed personally and obsessed with a passion for vindication to urge the lawyers on. For the beneficiary the recovery bears analogy to windfall, while to the attorneys it is the hard earned fruit of assiduous and skillful labor. In these circumstances there need be no hesitation in awarding that percentage of the recovery which has been given freely, both in this Court and the State Courts, to perhaps lesser achievements in terms of special skill and novelty.

Traditionally, courts in this district and elsewhere have awarded fees in the range of 20% to 30% of the recovery.

See Philadelphia Electric Co. v. Anaconda American Brass Co., 47 F.R.D. 557, 559 (E.D.Pa.1969), where 25% was awarded on a settlement of $22 million. Illustrative of awards in this Court, Judge Ryan (Richland v. Chatham, 66 Civ. 1330) awarded about 25%; Judge Levett (Stull v. Kaymarg Consolidated Corporation, CCH Fed.Sec.L.Rep. ¶ 92,-508) awarded 33⅓%; Judge Tenney (Jamison v. Barr, 69 Civ. 2795, unreported) awarded about 30%; Judge Tyler (Zeitlin v. Bergen, 66 Civ. 4479) awarded 24%.

The measurement of proper fees is not always the time spent (Derdiarian v. Futterman Corporation, 254 F.Supp. 617, 620 (S.D.N.Y.1966). A lawyer may at one extreme work doggedly to no end, or even mount a treadmill. Attendance to minutiae may sometimes enhance the billing. And one is mindful of the apocryphal English solicitor who billed his client "Thinking in bed, 1 guinea."

It is not hard to imagine the incisive thinking and painstaking research that went into the joint product of Messrs. Pomerantz and Haudek, two acknowledged leaders in the field of derivative shareholders' actions. And in these days of high costs, a lawyer's overhead is no small factor, especially in a contingent fee situation. Lest it be thought I am awarding accolades rather than tangibles, I come to the point. They shall have the fee requested for it is well deserved.

I trust that nothing I have said will be taken as an opinion on the merits or the legal implications of any of the somewhat similar actions still pending.

A fee of $250,000, one-quarter of the recovery, is jointly awarded to Pomerantz, Levy, Haudek & Block, and the several other plaintiffs' attorneys named in the papers.

Submit order on notice.