DEVELOPMENT BANK OF AMERICAN SAMOA and
AMERIKA SAMOA BANK, Plaintiffs

v.

RON PRITCHARD and JETTE PRITCHARD, Defendants

High Court of American Samoa
Trial Division

CA No. 118-87

March 17, 1988

Before REES, Chief Justice, TAUANU'U, Chief Associate Judge, AFUOLA, Associate Judge.

Counsel: For Plaintiff Development Bank, Steven H. Watson
 For Plaintiff Amerika Samoa Bank, William Reardon

For Defendant Ron Pritchard, Togiola T.A. Tulafono

For Defendant Jette Pritchard, Roy J.D. Hall, Jr.

On Motion to Set Attorney Fees:

In December 1987 we rendered judgment for the plaintiffs on a series of loans and guaranties executed in favor of the Pritchards and a pair of corporations of which the Pritchards were the principal officers. The plaintiffs now seek to recover attorney fees, as permitted by the documents embodying the loan agreements. Plaintiffs request ten percent of the amount of the judgment, which was nearly $300,000, and submit evidence that private attorneys retained to collect debts frequently charge their clients ten percent and in some cases far more. Defendants object to the proposed fee and contend that the Court should demand detailed accounts of the actual expenses incurred by plaintiffs for legal representation.

Plaintiffs contend that the contractual provision that defendants will be liable for a "reasonable" attorney fee means that they can recover whatever a reasonable fee would be, whether or not they actually paid such a fee. There are precedents, particularly in the decisions of federal courts, for the proposition that attorney fee awards may be far in excess of fees actually incurred. Such decisions, however, generally involve construction of federal statutes under which lawyers perform the function of private attorneys general who "have been encouraged by the courts to tilt the lance for justice by the awarding of generous fees." Rosenfeld v. Black, 56 F.R.D. 604, 605 (S.D.N.Y. 1972). While we do not wish to discourage plaintiffs' attorneys or any others from tilting their lances in appropriate circumstances, the broad public purpose necessary to justify the "private attorney general" rationale is lacking in private debt collection cases. (Even if we did view the collection of unpaid debts as an activity to be sedulously fostered through fee awards in excess of actual fees paid, our authority to do so without specific statutory authority would be doubtful. See Alyeska Pipeline Services Co. v. Wilderness Society, 421 U.S. 240 (1975).)

Our decision to award attorney fees to the plaintiffs was based on the written agreement of the parties. When a lender drafts a note obligating the borrower to pay "reasonable attorney fees" incurred by the lender in collecting the underlying debt, we must carefully scrutinize what a reasonable person would have understood that obligation to include. It is not unreasonable for a lender to condition a loan upon the borrower's promise to pay collection expenses, nor for the borrower to make that promise. It is fanciful, though, to imagine that a party would understand such an agreement as obliging him to pay "reasonable" fees far in excess of what it actually costs the creditor to collect the debt.

Although an award equalling ten percent of the judgment would be perfectly reasonable under certain circumstances --- indeed, in cases involving smaller principal amounts we have routinely awarded plaintiff Development Bank this percentage in the belief that it is roughly equivalent to the bank's actual costs of collection --- in this case it would give the bank a windfall. One of the factors a court should consider in awarding fair compensation is the nature of the relationship between attorney and client. Cf. ABA Model Code of Professional Resposibility, DR 2-106(B). The Development Bank was represented in this case by its in-house counsel. The purpose of employing in-house counsel is to secure a constantly available legal representative, especially for routine work such as debt collection, at a lower cost than would be necessary if the employer contracted for legal work on a project-by-project basis. Because we conclude that the provision in the contract for "reasonable attorney fees" meant the reasonable costs to the bank of collecting rather than a fixed percentage of the amount of the judgment, we will permit the bank to recover what it spent. (This indeed is why we included in the original judgment an award of "actual attorney fees to be proved by affidavit.")

The attorney who served as in-house counsel testified that his salary and benefits during the year in which he was employed by the Development Bank amounted to about $50,000, and that he spent about 1500 billable hours during that year. The cost of his services to the bank, then, computed on an hourly basis, was about $33 per hour. Counsel testified that he and his predecessor spent a

104

combined total of 140 hours on this matter. The bank is therefore entitled to recover $4,620 for the fees paid to its attorneys while they served as in-house counsel. The attorneys for the Development Bank and for plaintiff Amerika Samoa Bank also testified that they charged $1,768 and $942 respectively for work done on the Pritchard matter as private attorneys, which amounts have been paid by the Development Bank. Finally, although no evidence on this question was presented, the Court will take judicial notice that the bank must have incurred collection costs other than those represented by the salary and benefits of the attorney and will take judicial notice that $1,000 would be an amount customarily and reasonably incurred for such expenses in a case such as the one before us. Plaintiffs may therefore recover as part of their judgment $8,330 in attorney fees.

It is so ordered.